Burket, J.,
Section 5312, Revised Statutes, is as follows “In an action against several defendants, the court may render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper.” In Aucker v. Adams, 23 Ohio St., 543, it was held that the cases wherein it is improper to render a several judgment against one or more of the defendants, leaving the action to proceed against the others, are limited, as a general rule, to actions founded on joint contracts as to which the plaintiff has no election as to the joinder of defendants, his only remedy being by joint action. As to such cases it is said the court, as a general rule, has no discretion to render judgment against one or more of the defendants, leaving the action to proceed against the others.
While this is undoubtedly the general rule, it has no application to a case like the one at bar, wherein one of the makers avers in his answer that he is only surety for his co-defendant, and the plaintiff in his *128 reply admits this to be true. In such cases the plaintiff and the surety by their pleadings concede the contract, joint in form, to be in legal effect several as between themselves. Such pleadings cannot bind the alleged principal, and even if he should be in default,it would be error to render judgment against him, and leave the action to proceed against the surety, and for such error he might have the judgment against him reversed, as was done in Aucker v. Adams, supra. But the surety would have no cause for complaint against such judgment, unless it should appear that his defense was thereby prejudiced, as was held in Hempy v. Ransom, 33 Ohio St., at page 317. The defense set up by Mr. Frock in this case could not be prejudiced by the judgment against Mr. Jones, and therefore the rendition of that judgment was not prejudicial to Mr. Frock, and the judgment rendered against him by the court of common pleas should have been affirmed by the circuit court.
Mr. Frock having pleaded in his answer that he was only surety on the note, which plaintiffs admitted in their reply, and having by that means defended upon the ground that he was released from liability as surety by reason of the extension of time of payment of the note, is estopped after failing in such defense, from changing his position on motion for judgment notwithstanding the verdict, and claiming that he was a joint maker of the note as principal, and that therefore the entire note was merged into the judgment rendered against Mr. Jones. He cannot avail himself of inconsistent defenses under the same pleadings.
There is another reason why the motion in arrest of judgment was properly overruled by the court of common pleas.
*129 Before the adoption of the code in this State, there was what was known as a motion for judgment non obstante -veredicto, which was available to the plaintiff where the defendant put in a defective plea of confession and avoidance, and yet obtained a verdict in his favor. The plaintiff’s case being confessed by the plea, and the matter in avoidance being insufficient, the verdict was wrong and judgment should be entered in favor of the plaintiff notwithstanding the verdict. An instance of such a motion is found in the case of Buckingham v. McCracken, 2 Ohio St., 287.
There was also what was known as a motion in arrest of judgment, which was available to either party for error appearing on the face of the record, which might have been a good ground for demurrer as to the substance, and not merely as to the form.
The names of both of these motions were dropped from the code of civil procedure, and the substance of both was carried into the code, now section 5328, Eevised Statutes, which reads as follows: “When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party.”
It will be noticed that a judgment can be rendered in favor of a party under this section when the verdict is against him, only when he is entitled to such judgment “upon the statements in the pleadings;” not upon the pleadings and journal entries or record, but upon the pleadings alone. In Challen v. Cincinnati, 40 Ohio St., 113, 114, it is said: “On such a motion the court could only look at the pleadings.”
There was good reason for confining such motion *130 to the statements in the pleadings, because to such statements the party making them consents, while the record may be, and often is made, in part at least, by order of the court, against the wishes of both parties; or if concurred in by one party, it may fail to show which one concurred, and it would be unfair to hold a party to consequences flowing from 'a record to which he did not consent the same as if he had consented thereto.
The motion for judgment notwithstanding the verdict under this section, is therefore confined to the statements in the pleadings, and what appears on the journal in a former judgment cannot be considered.
It is said in the brief for counsel for defendant in error, that the judgment against Mr. Jones was rendered on motion of the plaintiffs in error. But the record fails to show this fact. The record says: “It appearing to the court that Thomas Jones, who the court finds is the principal upon the promissory note sued upon in this action, was and is in default for answer or other pleadings to the petition, and that the plaintiffs should recover the sum due from him to the plaintiffs on said note, which the court finds is the sum of $187. It is therefore considered by the court that the plaintiffs recover from the defendant, Thomas Jones, said sum of one hundred and eighty-seven dollars with eight per cent, interest, and costs to be taxed.”
There is nothing to show whether this judgment was rendered by the court on its own motion, or on motion of plaintiffs, or of the defendants. For aught that appears on the record Mr. Frock may have induced this judgment to be rendered for the purpose of thereafter availing himself thereof to escape payment of the note. Section 5328 was passed *131 in its present form for the purpose of preventing the possibility of such sharp practice.
The motion in arrest of judgment in this case is based “upon the statements in the pleadings and recordThis is broader than the statute. The court of common pleas in passing upon the motion confined itself to the statements in the pleadings, and very properly overruled the motion, because, upon the pleadings, Mr. Frock was not entitled to judgment in his favor. The circuit court considered the record of the judgment against Mr. Jones, and concluded that the motion in arrest of judgment was well taken, and should have been sustained. In this the circuit court erred.
The judgment of the circuit court will be reversed, and that of the common pleas affirmed.

Judgment accordingly.